```
                                    FILED
                          CLERK, U.S. DISTRICT COURT

                                MAY - 5 2006

                          CENTRAL DISTRICT OF CALIFORNIA
                          BY                     DEPUTY
```

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | ) Case No. CR 04-0229RMT |
|---|---|
| Plaintiff, | ) ORDER DENYING MOTION BY DEFENDANT STRUCKMAN FOR RELEASE FROM DETENTION |
| vs. | ) |
| DANIEL ANDERSEN, DAVID STRUCKMAN, LORENZO ("ZO") LAMANTIA aka LORENZO MILANO, KULDIP SINGH aka KAY SINGH, aka KAY MILANO, and DWAYNE ROBARE, | ) |
| Defendants. | ) 04-CR-00229-INDI |



This matter has come before the court on the motion filed April 5, 2006 by defendant David Struckman for release from detention. Defendant brings this motion before this court pursuant to 18 U.S.C. Section 3142(f) claiming he is entitled to release because (1) the detention hearing held January 24, 2006 violated his due process rights as he was not afforded sufficient time to prepare, (2) he has new information and (3) his incarceration is a violation of the due process and bill of attainder clauses.

A motion filed in this court seeking defendant's release from detention should be brought pursuant to 18 U.S.C. Section 3145(b), rather than seeking to reopen the January 24, 2006 detention hearing held in the United States District Court for the Southern District of Texas, before Magistrate Judge Nancy Johnson under 18 U.S.C. Section 3142(f). Because the January 24, 2006 detention hearing was held

1 before Magistrate Judge Johnson in Houston, Texas, a motion to reopen that hearing
2 under 18 U.S.C. Section 3142(f) must be filed with Magistrate Judge Johnson.
3 However, because defendant has since been transported to the Western District of
4 Washington, the court having original jurisdiction over the offense, the proper avenue
5 of relief is to seek review of the detention order pursuant to Section 3145(b), under
6 which this court

> should review the evidence before the magistrate and
> make its own independent determination whether the
> magistrate's findings are correct, with no deference. If the
> performance of that function makes it necessary or
> desirable for the district judge to hold additional evidentiary
> hearings, it may do so, and its power to do so is not limited
> to occasions when evidence is offered that was not
> presented to the magistrate. [Citation.] The point is that the
> district court is to make its own "de novo" determination of
> facts, whether different from or an adoption of the findings
> of the magistrate.

United States v. Koenig, 912 F.2d 1190, 1193 (9th Cir. 1990).

This court has, therefore, conducted a de novo review of the evidence before the magistrate judge and has considered the papers filed in support of and opposition to defendant's motion for release and based thereon, agrees with the findings of the magistrate judge.

Although defendant argues that he has new evidence, he fails to present any new evidence. He refers to a new pretrial services report that he explains has not yet been produced and the contents of which he asserts are unknown to him. As such, the defendant cannot be seriously arguing that the unknown contents of a report, which is yet to be produced, could provide a basis to revoke or amend the detention order.

1     Defendant's constitutional challenges to his detention also lack merit. Although the duration of detention could, at some point, constitute a due process violation, that is not the case at this time.

    Accordingly,

    IT IS ORDERED that this court hereby adopts the findings of fact and written statement of reasons for detention of Magistrate Judge Nancy Johnson filed January 25, 2006 in the Southern District of Texas.

    IT IS FURTHER ORDERED that the motion by defendant David Struckman for release from detention is denied.

Dated: May 5, 2006

ROBERT M. TAKASUGI
United States District Sr. Judge