```
_X_ Priority
_X_ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3
```

FILED
CLERK, U.S. DISTRICT COURT

JUL 21 2006

CENTRAL DISTRICT OF CALIFORNIA
BY_____DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 04-02291RMT |
| Plaintiff, | ORDER DENYING MOTION BY DEFENDANT STRUCKMAN FOR RELEASE FROM DETENTION AND BAIL |
| vs. | |
| DANIEL ANDERSEN, DAVID STRUCKMAN, LORENZO ("ZO") LAMANTIA aka LORENZO MILANO, KULDIP SINGH aka KAY SINGH, aka KAY MILANO, and DWAYNE ROBARE, | 04-CR-00229-EXH |
| Defendants. | |

This matter has come before the court on the motion filed June 15, 2006 by defendant David Struckman, pursuant to 18 U.S.C. § 3145(b), for release from detention and setting bail, by which defendant seeks review of the detention order issued by the Magistrate Judge. In reviewing the detention order under 18 U.S.C. § 3145(b):

> the district court is to make its own "de novo" determination of facts, whether different from or an adoption of the findings of the magistrate. . . . Even under the proper "de novo" requirement, the district court, while empowered to do so, is not required to hold an evidentiary hearing when no evidence is offered that was not before the magistrate.

United States v. Koenig, 912 F.2d 1190, 1193 (9th Cir. 1990).

1

Having made such a de novo review, this court finds that defendant offers no new evidence that was not before Magistrate Judge Nancy Johnson or Magistrate Judge Monica Benton. This court further finds that an evidentiary hearing is unnecessary.

## DEFENDANT IS A FLIGHT RISK

The judicial determination of whether release conditions will reasonably assure a defendant's appearance and community safety is guided by the following four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). A judicial determination that a defendant should be detained pending trial on grounds of risk of flight must be supported by a preponderance of the evidence. United States v. Motamedi, 767 F.2d 1403, 1406-07 (9th Cir. 1985).

Here, the government has shown by a preponderance of the evidence that defendant is a flight risk. The defendant's whereabouts for the last few years, his lack of ties in the United States, his ties in Panama, the weight of evidence and seriousness of the charges against him all support the contention that he is a flight risk. At the time of his deportation from Panama in January, 2006, defendant had been living abroad for almost two years; defendant left the United States in February, 2004 and did not return until he was deported, although he was aware that an arrest warrant was issued for him in May, 2004. Additionally, defendant appears to not have any ties to the community. Three months after he left the country, the defendant sold his house in Washington and apparently has no other financial tie to the community. With regard to defendant's familial ties, defendant left the country for almost two years although his father, son and daughter remained in the United States, suggesting a willingness on the part of the defendant to live apart from his family. In contrast to defendant's lack of ties to the United States, there is evidence suggesting that he has

established ties in Panama. At the time of his arrest, the defendant had a pending application for an "investor visa," allegedly owned property in Panama, and his long time companion remains in Panama, suggesting that he would flee the United States. Finally, given that defendant is charged with hiding vast amounts of money from the government and considering the penalty if convicted, he potentially has the financial resources and the motivation for flight.

Defendant's explanations of his actions and the collateral offered by defendant's family are insufficient to undermine the government's showing that defendant is a flight risk. Defendant has not offered a sensible or satisfactory explanation for any of his actions, especially his possession of a fraudulent passport and an almost two-year absence from the United States.

## THERE ARE NO CONDITIONS THAT WOULD REASONABLY ASSURE DEFENDANT'S PRESENCE

The government has made a showing by a preponderance of the evidence that no conditions would reasonably assure defendant's presence. Although defendant argues that his passport has been confiscated, this does not negate the fact that he previously obtained a fraudulent passport and that he possesses the knowledge to obtain another. As such, house arrest and an ankle bracelet may be insufficient to assure defendant's presence because he could leave the country with a fraudulent passport before authorities are aware of his disappearance. The $120,000 offered as bond by defendant's family, as well as the defendant's father's house as collateral for a bond, appear insufficient. The equity in the house is unknown and defendant allegedly has access to a substantial amount of money. Moreover, defendant does not assert that the loss of the bond would be detrimental to his family. Additionally, defendant has not demonstrated sufficient financial or family ties to assure his presence.

## THERE HAS BEEN NO DUE PROCESS VIOLATION

In <u>United States v. Gelfuso</u>, 838 F.2d 358 (1988), the Ninth Circuit stated

as follows:

> Several Circuits have recognized that the length of pretrial detention raises a constitutional issue at some point. The Supreme Court, however, has declined to identify at what point pretrial detention might be excessively prolonged and therefore punitive rather than regulatory.
>
> Like the Second Circuit, we find that the due process limit on the length of pretrial detention requires assessment on a case-by-case basis. We consider the length of confinement in conjunction with the extent to which the prosecution bears responsibility for the delay that has ensued.

Id. at 359 (citations omitted).

Gelfuso involved a ten-month delay from the inception of detention to the scheduled trial date. Having found that the government was not responsible for the pretrial delay in providing discovery, the court held that, under the circumstances, the defendants' due process rights had not been violated. Id.

The government is also not responsible for pretrial delay in the case at hand. Pursuant to defendant's waiver of speedy trial and the joint motion by defendant and the government, filed March 24, 2006, the trial date was continued from May 8, 2006 to January 29, 2007 because of the complexity of the case and the voluminous discovery to "ensure that defense counsel will have adequate time to prepare sufficiently for trial in order to render effective assistance to the Defendant at trial." Because of the January 29, 2007 trial date, defendant is facing an approximate twelve-month pretrial detention. As was found in Gelfuso, under the circumstances of this case, this court finds that there has not been a due process violation at this point in time.

4

Accordingly,

IT IS ORDERED that the motion by defendant David Struckman for release from detention and setting bail is denied.

Dated: July 21, 2006

ROBERT M. TAKASUGI
United States District Sr. Judge